## Case No. 14,412.

UNITED STATES ex rel. WEEDEN et al.

[2 Flip. 76;[1] 4 Law & Eq. Rep. 149.]

Circuit Court, D. Kentucky.    July 11, 1877.

STATE AND FEDERAL JURISDICTION — CRIMINAL ACTS — HABEAS CORPUS — UNITED STATES OFFICERS EXECUTING PROCESS—PRACTICE—REMANDING TO STATE COURT.

1. A federal officer, executing process, when actually innocent of the crime imputed and justifiable in all that he really did, is not obliged to show, in order to procure his discharge, that he has done nothing except what he was justified in doing by process, nor to show that he was justified in doing the very thing imputed to him, and for which he is in confinement.

2. The doctrine laid down in U. S. ex rel. Roberts v. Jailer [Case No. 15,463] modified.

3. When on habeas corpus the evidence does not show the shooting was done in order to enable the officer to execute the process in his hands, the federal court will not discharge the prisoner but turn him over to the state court there to stand his trial.

[Cited in U. S. v. Fullhart, 47 Fed. 805.]

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

The relators were arrested by the sheriff of Barren county, Ky., in May, 1877. They were charged with the offense of willfully and maliciously shooting at and wounding Thomas Reynolds and Isaac Reynolds, etc. A petition was presented to the court on the part of each relator, which alleged that although he was, ostensibly, in custody for the offense above stated, he was, in truth, in confinement for acts done in his capacity as a deputy marshal of the United States, or his posse, and in pursuance of the law of the United States and of process of a judge thereof; and praying for a writ of habeas corpus. The writ was granted in each case, and the return of the sheriff discloses the warrant aforesaid. The return was traversed by the several relators; they reiterating the allegations of their several petitions. The facts show that on the 5th day of May, 1877 (at night), the relators were proceeding on the public highway in Barren county, having the prisoners in custody, and who had been arrested under regular warrants, when Weeden turned out from the road and stopped at the dwelling of one Reynolds, ostensibly to get a drink of water, but, in fact, as he alleges, to arrest one Foster, for whom he had a warrant also. Calling for water, he indulged in some offensive language towards one of the Reynolds, when he was assaulted by the two. He discharged his pistol, twice, and wounded both men.

Mr. Moss, Atty. Gen., for the State, cited Ex parte Lange, 18 Wall. [85 U. S.] 166; In re McDonald [Case No. 8,772]; U. S. ex rel. Roberts v. Jailer [Id. 15,463].

BALLARD, District Judge. I can discharge Weeden only on its appearing that what he did was done under and by virtue of the warrant in his hands. The evidence before me does not justify me in finding the shooting was done in order to enable the officer to execute the process in his hands, and as I cannot so find, I cannot discharge him. He must be remanded to the state court there to stand trial. He may be excusable for what he did—he may have acted in self-defense — but these matters belong solely to the state court, and the jury there. Being an officer of the United States furnishes no immunity for violating state laws. The state court has jurisdiction to try him. I claim the right only to pronounce on the fact whether or not what he did or is accused of doing, was justified by the process in his hands.

The other relators were not present at the shooting or in any way connected therewith, but were on the highway with the prisoners in their custody, arrested under due process, and unconscious of the shooting, except as their attention was attracted by the pistol shots. They did nothing which they were not justified in doing by the process in their hands. They must be discharged.

In writing the opinion in U. S. ex rel. Roberts v. Jailer [Case No. 15,463], I was inclined to think that a federal officer was not entitled to claim his discharge by simply showing that he had done nothing except what he was justified in doing by process, but that he was obliged to show that he was justified by his process in doing the very thing imputed to him, and for which he was in confinement. I am constrained, in deference to authority, to modify what that opinion indicates would be my action, when it appears that the officer is actually innocent of the crime imputed, and was faithful in doing all that he really did. Ex parte Jenkins, 2 Wall. [69 U. S.] 537. [Weeden remanded, and the other relators discharged.] [2]